February 21, 1977

## 77–8    MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

### Inspector General Legislation

Certain questions exist concerning the constitutionality of H.R. 2819, which would establish an Office of Inspector General in six executive departments [1] and five other executive establishments.[2] It is our opinion that the provisions in this bill, which make the Inspectors General subject to divided and possibly inconsistent obligations to the executive and legislative branches, violate the doctrine of separation of powers and are constitutionally invalid. This memorandum briefy outlines the major provisions of the bill, discusses the constitutional problems presented by those provisions, and recommends modifications to remedy those problems.

A.  Description of the Inspector General Legislation Pending Before Congress

H.R. 2819 was introduced on February 1, 1977, by Representatives Fountain and Brooks and has been referred to the Committee on Government Operations. The bill combines and reorganizes the present internal audit and investigative units in each of the 11 agencies that are the subject of the bill into a single office with certain additional responsibilities. The primary functions of the Inspector General's Office would be: (1) to develop and supervise programs (including audits and investigations) in the agency to promote efficiency and to prevent fraud and abuse; (2) to keep both the head of the agency *and* Congress fully informed regarding these matters; and (3) to recommend and report on the implementation of corrective actions.

Each Inspector General is required to prepare and submit to Congress, as well as to the head of the agency, a variety of reports, and is

---

[1] The Departments included are Agriculture, Commerce, Housing and Urban Development, Interior, Labor, and Transportation.

[2] The other establishments are the Energy Research and Development Administration, the Environmental Protection Agency, the General Services Administration, and the National Aeronautics and Space Administration.

16

required to supply additional documents and information to Congress on request. These reports are required to be submitted directly to Congress without clearance or approval by the agency head or anyone else in the executive branch. The Inspector General is authorized to have access to a broad range of materials available to the agency and is given subpoena power to obtain additional documents and information.

The Inspectors General are to be appointed by the President (with the advice and consent of the Senate) "without regard to political affiliation," and whenever the President removes an Inspector General from office, the bill would require the President to notify both Houses of the reasons for removal.

The bill is modeled on Title II of Pub. L. No. 94-505, 90 Stat. 2429, which establishes an Office of Inspector General in the Department of Health, Education, and Welfare (HEW). No Inspector General for HEW has been appointed to date.

### B. Constitutional Objections

1. As a threshold matter, the Justice Department has repeatedly taken the position that continuous oversight of the functioning of executive agencies, such as that contemplated by the requirement that the Inspector General keep Congress fully and currently informed, is not a proper legislative function. In our opinion, such continuing supervision amounts to an assumption of the Executive's role of administering or executing the laws. However, at the same time it must be acknowledged that Congress has enacted numerous statutes with similar requirements, many of which are currently in force.

2. An even more serious problem is raised, in our opinion, by the provisions that make the Inspectors General subject to divided and possibly inconsistent obligations to the executive and legislative branches, in violation of the doctrine of separation of powers. In particular, the Inspector General's obligation to keep Congress fully and currently informed, taken with the mandatory requirement that he provide any additional information or documents requested by Congress, and the condition that his reports be transmitted to Congress without executive branch clearance or approval, are inconsistent with his status as an officer in the executive branch, reporting to and under the general supervision of the head of the agency. Article II vests the executive power of the United States in the President. This includes general administrative control over those executing the laws. *See, Myers* v. *United States,* 272 U.S. 52, 163-164 (1926). The President's power of control extends to the entire executive branch, and includes the right to coordinate and supervise all replies and comments from the executive branch to Congress. *See, Congress Construction Corp.* v. *United States,* 314 F. 2d 527, 530-532 (Ct. Cl. 1963).

3. Under the bill, the Inspector General has an unrestricted access to executive branch materials and information. He has an unqualified and

independent obligation to provide such materials and documents to the Congress as it may request. Obviously the details of some investigations by the Inspector General (or by the Justice Department) might well, under settled principles, require them to be withheld from Congress through the assertion of executive privilege. But the bill as written would preclude that assertion in view of the Inspector General's duty to make requested materials and information available to Congress.

4. Finally, we are of the opinion that the requirement that the President notify both Houses of Congress of the reasons for his removal of an Inspector General constitutes an improper restriction on the President's exclusive power to remove Presidentially appointed executive officers. *Myers* v. *United States, supra.* Although Congress has the authority to limit the President's power to remove quasi-judicial or quasi-legislative officers, *Wiener* v. *United States,* 357 U.S. 349 (1958), *Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935), the power to remove a subordinate appointed officer within one of the executive departments is a·power reserved to the President acting in his discretion.[3]

## C. Suggested Modifications

We believe that the constitutional problems raised by the proposed legislation could only be cured through modification that would clearly establish the Inspector General as an executive officer responsible to the head of the agency.

The principal problem with the proposed legislation is that the Inspector General is neither fish nor fowl. While the Inspector General is supposed to be under the general supervision of the agency head, the Inspector General reports directly to Congress. He is to have free access to all executive information within the agency, yet he is not subject to the control of the head of the agency or, for that matter, even to the control of the President.

In our opinion, the only means by which this bill could be rendered constitutional would be to modify it so as clearly to establish the Inspector General as an executive officer subject to the supervision of the agency head and subject to the ultimate control of the Chief Executive Officer. We recommend the following modifications:

1. Reports of problems encountered and suggestions for remedial legislation may be required of the agencies in question, but those reports must come to Congress from the statutory head of the agency, who must reserve the power of supervision over the contents of these reports.

2. The constitutional principle of executive privilege must be preserved. The provision in the bill requiring reports to Congress

---

[3] We also question the validity of the requirement that the President appoint each Inspector General "without regard to political affiliation." This implies some limitation on the appointment power in addition to the advice and consent of the Senate.

of all "flagrant abuses or deficiencies" within 7 days after discovery would risk jeopardizing ongoing investigations by the agency and the Justice Department, many of which would be subject to a claim of privilege. That provision should be qualified by a specific reference to the possibility of a claim of privilege, or deleted entirely from the bill.

3. Finally, the power of the President to remove subordinate executive officers must remain intact. The requirement in the bill that the President report to Congress the reasons for his removal of an Inspector General would infringe on this power and should be eliminated.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*
